UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY FARNETI and CONCETTA GAIZO-
FARNETI,

Plaintiffs,

**ORDER**

-against-

**13-CV-7218 (SJF)**

BETHPAGE FCU a/k/a BETHPAGE FEDERAL
CREDIT UNION, ALLSTATE INSURANCE
COMPANY and AUER AGENCY, INC.,

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAY 0 1 2014 ★

LONG ISLAND OFFICE

Defendants.
-----------------------------------------------------------------X
FEUERSTEIN, District Judge.

Before the Court is Anthony and Concetta Farneti's ("plaintiffs") motion to remand this

case back to Supreme Court, Suffolk County, New York. For the following reasons, plaintiffs'

motion is **GRANTED** and the Clerk of the Court shall close this case and mail a certified copy

of this Order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of Court, Supreme Court of the State

of New York, County of Suffolk.

On or about October 28, 2013, plaintiffs filed a verified complaint in the Supreme Court

of the State of New York, County of Suffolk, against BethPage FCU, a/k/a BethPage Federal

Credit Unit ("BethPage"), Allstate Insurance Company ("Allstate") and Auer Agency, Inc.

("Auer"), alleging breach of contract, breach of fiduciary duty and seeking a declaratory

judgment with respect to their rights. Allstate was served with a copy of plaintiffs' Summons

and Complaint on November 19, 2013. Auer was served on November 19, 2013 and BethPage

was served on December 5, 2013. On December 18, 2013 and pursuant to 28 U.S.C. § 1441,

Allstate removed this case to the Eastern District of New York. As set forth in the Notice of

Removal, Allstate obtained co-defendant Auer's consent to remove the case (DE 1 ¶ 48).

Allstate did not obtain BethPage's consent.

Title 28 U.S.C. § 1446 provides the procedure for removing civil actions to federal court. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* at § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to removal of the action." *Id.* at § 1446(b)(2)(A). Title 28 U.S.C. § 1441(a) provides, in pertinent part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

"[C]ourts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.' " *Gurney's Inn Resort & Spa, Ltd. v. Benjamin*, 746 F. Supp. 2d 117, 120 (E.D.N.Y. 2010) (quoting *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006)). *See Sleight v. Ford Motor Co.*, No. 10 Civ. 3629, 2010 WL 3528533, at *1 (E.D.N.Y. Sept. 3, 2010) ("[I]n cases where there are multiple defendants, the Rule of Unanimity requires that 'all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.' ") (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006)).

"On a motion for remand under 28 U.S.C. § 1447 the burden of proof is on the removing party to prove that it has met the requirements for removal." *Avon Products, Inc. v. A/J Partnership*, No. 89 Civ. 3743; 89 Civ. 8032, 1990 WL 422416, at *1 (S.D.N.Y. Mar. 1, 1990)

(citing 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3739, at 574 (1985)). Although courts do not require that every defendant sign the removal petition, most courts require unambiguous written consent from every defendant in a timely fashion. *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998).

Because no written consent to removal was provided by defendant BethPage and the time period for doing so has expired, the petition for removal is untimely. *See Burr*, 478 F. Supp. 2d at 437 ("Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely."). Accordingly, plaintiffs' motion to remand this case back to Supreme Court, New York, County of Suffolk is **GRANTED**.

**SO ORDERED**.

Dated: May 1, 2014
        Central Islip, New York

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein, U.S.D.J.